UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL WHITE, on his own behalf
and on the behalf of those similarly
situated,

      Plaintiff,

v.                                                                                            Case No: 2:13-cv-709-FtM-29CM

OSP, INC., d/b/a PAPA JOHN'S
PIZZA,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default Against Defendant OSP, Inc., d/b/a Papa John's Pizza and Incorporated Memorandum of Law (Doc. 16) filed on January 10, 2014.  Plaintiff moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's default against Defendant for failure to answer or otherwise respond to Plaintiff's Complaint.  For the reasons that follow, the Motion is due to be denied at this time.

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effectuated service of process.  *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure provide that service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1), (e)(1). Defendant is a Florida corporation with its principal place of business in Weeki Wachee, Florida. Doc. 1 at ¶7. Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a Florida corporation. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a)-(d). Alternatively, process may be served on the agent designated by the corporation as its registered agent. *Id.* § 48.081(3)(a). "However, if service cannot be made on a registered agent because of failure of the corporation to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." *Id.* Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours." Fla. Stat. § 48.091(1)-(2).

In this case, the Amended Return of Service[1] indicates that Lacey White, manager at a Papa John's Restaurant located at 1026 Pine Ridge Road, Naples,

---

[1] The first Return of Service (Doc. 9), which was filed by the Plaintiff in support of its first request for clerk's default (Doc. 10) was defective because it failed to include the proper address for the Papa John's Restaurant. Thus, Plaintiff's first request was denied by the

Florida, 34108, was served with the summons and complaint "in the absence of the registered agent" on November 11, 2013. Doc. 15. Plaintiff asserts in his Memorandum of Law that this location is owned and operated by the Defendant. Doc. 16 at 2. Plaintiff's only argument in support of the entry of a clerk's default is that Ms. White is a "managing agent" of the Defendant under the statute such that service is proper. Plaintiff provides no further support for such a proposition.

A search of the Florida Department of State, Division of Corporation's website reveals that Defendant's registered agent is Harold W. Covert, 8486 Athens Court, Weeki Wachee, Florida, 34613.[2] The Complaint in this case states that the Defendant's principal place of business is located in Weeki Wachee, Florida. Doc. 1 at ¶7. While the Amended Return of Service (Doc. 15) states that the Complaint was received by the process server to be served on Mr. Covert at the Athens Court address, there is no indication that service was attempted on Mr. Covert or anyone else at this address, or that Mr. Covert has failed to comply with Fla. Stat. § 48.091, such that service on an employee at its principal place of business or on any employee of the registered agent would be proper pursuant to Fla. Stat. § 48.081(3)(a). Even though Ms. White may be a manager of the Papa John's store located at 1026 Pine Ridge Road, Naples, Florida, 34108, there is no indication in the record that she has been appointed by the Defendant as a "managing agent" or "registered agent" for service

---

Court. Doc. 13.

[2] www.sunbiz.org.

of process purposes pursuant to the statute, nor is there any indication that she is an employee of the registered agent.

Thus, the Motion will be denied at this time. Plaintiff may re-apply for a clerk's default once he has properly complied with the applicable statutes.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default Against Defendant OSP, Inc. and Incorporated Memorandum of Law (Doc. 16) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record