## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MICHAEL WHITE, on his own behalf
and on the behalf of those similarly
situated,

      Plaintiff,

v.                                  Case No:  2:13-cv-709-FtM-29CM

OSP, INC.,

      Defendant.

_____

## ORDER

      Before the Court is Plaintiff's Motion for Clerk's Default Against Defendant OSP, Inc. (Doc. 24) filed on June 13, 2014.   In this case brought pursuant to the Fair Labor Standards Act ("FLSA") for overtime compensation, Plaintiff moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant OSP, Inc., d/b/a Papa John's Pizza ("OSP") for failure to respond to Plaintiff's Complaint.   For the reasons that follow, the Motion is due to be granted.

      Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.   *Kelly v. Florida*, 233 F. App'x 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d).   As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.   *Id.* § 48.081(3)(a).   "However, if service cannot be made on a registered agent because of failure of the corporation to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent."   *Id.*   Section 48.091 requires that the registered agent's office remain open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and "shall keep one or more registered agents on whom process may be served at the office during these hours."   Fla. Stat. § 48.091(1)-(2).

In this case, the Amended Return of Service [1] states that Lacey White, Manager at a Papa John's Restaurant located at 1026 Pine Ridge Road, Naples,

---

[1] The first Return of Service (Doc. 9), which was filed by the Plaintiff in support of his first request for clerk's default (Doc. 10) was defective because it failed to include the proper address for the Papa John's Restaurant.   Thus, Plaintiff's first request was denied by the Court.   Doc. 13.

Florida, 34108, was served with the summons and complaint "in the absence of the registered agent" on November 11, 2013.   Doc. 22.   On March 10, 2014, the Court denied Plaintiff's previous request for Clerk's Default without prejudice based upon this Amended Return of Service because Plaintiff's only argument in support of the entry of a clerk's default was that Ms. White is a "managing agent" of the Defendant under the statute such that service was proper.   Doc. 20.   In that Order, the Court noted that there was no indication that service had been attempted on Defendant's registered agent, Harold W. Covert, at 8486 Athens Court, Weeki Wachee, Florida, 34613.   *Id.*

Plaintiff's renewed Motion for Clerk's Default informs the Court that service on the registered agent at 8486 Athens Court, Weeki Wachee, Florida, 34613 was attempted by the process server, but the address is a residential address owned by Keith Krueger, and service was unsuccessful.   Thus, because Plaintiff was unable to perfect service on the Defendant's registered agent, service was attempted at the Papa John's Restaurant located at 1026 Pine Ridge Road, Naples, Florida, 34108, which is the location where Plaintiff worked and the alleged FLSA violations occurred.

Plaintiff argues that because he was unable to serve the registered agent due to Defendant's failure to comply with Fla. Stat. § 48.091, Plaintiff properly served Lacey White as an employee/manager at Defendant's principal place of business. The Court agrees.   Because service could not be effected on Defendant's registered

agent, service may be made on any employee at the corporation's principal place of business, as was done in this case.[2]   Fla. Stat. § 48.081(3)(a).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   OSP has failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default Against Defendant OSP, Inc. (Doc. 24) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant OSP, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[2] Seeing no renewed request for Clerk's Default, the Court issued an Order to Show Cause on June 2, 2014, directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute.   Doc. 21.   In his Response, Plaintiff states that Keith Kruger contacted defense counsel on May 15, 2014 and informed counsel that he was an officer of Defendant, and owned the property at 8486 Athens Court, Weeki Wachee, Florida, 34613. Doc. 23 at ¶ 7-8.   The parties attempted resolution of this case through Mr. Krueger, but were unsuccessful.   *Id.*   Having reviewed the Response, the Court stated that it would take no further action on the Order to Show Cause.   Doc. 25.   This does not affect the Court's analysis of the instant Motion, as the record shows that service was proper and Defendant has failed to answer or otherwise appear in this action.