UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL WHITE, on his own behalf and on the behalf of those similarly situated,

    Plaintiff,

v.                      Case No: 2:13-cv-709-FtM-29CM

OSP, INC., a Florida Corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court upon review of plaintiff's Motion for Default Final Judgment (Doc. #28) filed on July 10, 2014. No response has been filed and the time to respond has expired. For the reasons set forth below, the motion is denied.

On October 4, 2013, plaintiff Michael White (White or plaintiff) filed a Complaint (Doc. #1) against OSP, Inc. (OSP) alleging violation of the Fair Labor Standards Act (FLSA) relating to unpaid overtime compensation. OSP does business as a franchisee of Papa John's Pizza selling and delivering pizza to its customers. (Doc. #1, ¶ 7.) White was hired by OSP as a pizza delivery driver, and worked there from December 2012 through April 13, 2013. (Id. at ¶ 15.) Plaintiff was compensated at a rate of $4.79, plus tips, while delivering pizzas. (Id. at ¶ 18.) While this amount was

below minimum wage, plaintiff concedes it was lawful for a delivery driver because tips were available. (Id. at ¶ 19.) When plaintiff was not delivering pizza, he was assigned to in-store duties including cleaning, preparing food, cooking food, and customer service, but was paid at the same $4.79 rate. (Id. at ¶19.) Plaintiff alleges that OSP failed to properly compensate him for in-store work because his pay rate was below the minimum wage standard, (id. at ¶¶ 19-22), and failed to properly compensate him for hours worked in excess of 40 hours in a workweek because he was never paid the required overtime premium, (id. at ¶ 23.)

After proper service of process, plaintiff sought and obtained a Clerk's Entry of Default (Doc. #27), which was entered on June 30, 2014. By virtue of this default, defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

While the facts alleged may support claims for both failure to pay minimum wages and failure to pay overtime wages, only the overtime wages are sought in the Complaint. The introductory paragraph describes the Complaint as an "action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act. . . ." (Doc. #1, p.

1.)  One of the jurisdictional allegations asserts that "this is a claim for Unpaid Overtime . . . to recover overtime wages, an additional and equal amount in liquidated damages, and attorneys' fees and costs."  (Doc. #1, ¶ 1.)  After setting forth its "Statement of Facts" (id. at ¶¶ 15-28), Count I seeks "Unpaid Overtime Wages" and asserts plaintiff worked in excess of forty hours per week during his employment.  (Id. at ¶¶ 30-36.)  Count II seeks Declaratory Relief relating to plaintiff's overtime compensation.  (Id. at ¶¶ 38-51.)

The instant motion, however, does not seek relief for overtime compensation, and indeed plaintiff now attests that he only worked 30 hours per workweek.  (Doc. #28, p. 7; Doc. #28.1, ¶ 5.)  The relief requested in the instant motion is for unpaid minimum wages plus associated liquidated damages, attorney fees and costs. (Doc. #28, pp. 7-8.)

The Court finds that the relief requested in the plaintiff's motion cannot be granted because it is not available for the claims set forth in the Complaint.  Federal Rule of Civil Procedure 54(c) provides that unlike other final judgments, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Because the Complaint does not state a claim for failure to pay minimum wages, plaintiff's motion seeking a default judgment for such minimum wages is denied.

3

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Default Final Judgment (Doc. #28) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of October, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record